JOSHUA E. KIRSCH (179110)
C. JOSEPH OU (294090)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California  94105
Telephone:     (415) 348-6000
Facsimile:      (415) 348-6001
Email:          jkirsch@gibsonrobb.com
                cjou@gibsonrobb.com

Attorneys for Plaintiff
MARE ISLAND DRY DOCK, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARE ISLAND DRY DOCK, LLC, | Case No. 2:17-at-00709 |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES WITH REQUEST FOR WARRANT OF ARREST PURSUANT TO SUPPLEMENTAL ADMIRALTY AND MARITIME RULE C** |
| v. | |
| FOSS MARITIME COMPANY, a corporation, *in personam*, and the PACIFIC STAR, her machinery, tackle, and engines, etc., *in rem*, | |
| Defendants. | |

Plaintiff's complaint follows:

1.    The causes of action in this complaint are for damage to a vessel arising on Napa River, which comprises navigable waters of the United States.  These claims fall within the admiralty jurisdiction of this Court, and are admiralty and maritime claims within the meaning of Rule 9(h), Federal Rules of Civil Procedure, as more fully appears herein.

## VENUE

2.    Venue is proper in this district court pursuant to 28 USC §1391, because the incidents complained of took place and had results within this district and division.

/ / /

**GENERAL ALLEGATIONS**

3.     MARE ISLAND DRY DOCK, LLC (hereinafter "Plaintiff") is, and at all times hereinafter mentioned was, a limited liability company organized and existing under the laws of Delaware and is authorized to transact business and is doing business in California.

4.     Plaintiff is informed and believes that Defendant FOSS MARITIME COMPANY ("Foss") is a duly licensed corporation organized and existing under the laws of the state of Washington and is authorized to transact business and is doing business in California.  Foss is and at all times material herein was the owner of the vessel PACIFIC STAR.

5.     Plaintiff is informed and believes that the defendant vessel, the PACIFIC STAR, is a US flag vessel of 456 gross tons, 29.87 meters long, and is now or during the currency of process herein will be within the waters in the jurisdiction of this Honorable Court.

6.     On or about November 2, 2015, Foss entered into an agreement with Plaintiff to provide tug services to tow the NOAA vessel OSCAR ELTON SETTE from berth into dry dock at Plaintiff's facilities located at 1180 Nimitz Ave, Vallejo, California.

7.     The movement of the OSCAR ELTON SETTE was performed with the tug POINT FERMIN on the quarter and defendant vessel PACIFIC STAR on the bow.

8.     During the tow of the OSCAR ELTON SETTE, defendant vessel PACIFIC STAR negligently maneuvered itself and pulled its line against the OSCAR ELTON SETTE's bow and distorted the framing and plating on the starboard bow of the OSCAR ELTON SETTE, causing not less than $266,200.00 in damages, the cost to repair physical damage from the incident.

**FIRST CAUSE OF ACTION**

**(Negligence against all Defendants)**

9.     Plaintiff realleges and incorporates herein with like force and effect as though set forth fully here each and every allegation of paragraphs 1 through 8 as set forth above.

10.     Defendants, and each of them, were required to exercise due care as the towers of the OSCAR ELTON SETTE, including but not limited to the exercise of reasonable skill, energy, care and diligence in the performance of the work; the duty to provide an adequately powered, equipped and efficient towing vessel; and the duty to provide a competent crew, tug master, and

equipment for the weather and circumstances reasonably to be expected.

11.    Defendants, and each of them, negligently breached their duty of care when the PACIFIC STAR negligently performed the tow and pulled the tow line against the OSCAR ELTON SETTE's bow.

12.    Defendants' breach of duty resulted in damage to the OSCAR ELTON SETTE in an amount in excess of $266,200.00, the cost to repair physical damage from the incident and other related damages and expenses, no part of which has been paid despite demand therefor.

Wherefore, Plaintiff prays for judgment against Defendants as set forth below.

## SECOND CAUSE OF ACTION

### (Breach of Warranty of Workmanlike Service against Defendant Foss)

13.    Plaintiff realleges and incorporates herein with like force and effect as though set forth fully here each and every allegation of paragraphs 1 through 8 as set forth above.

14.    The agreement between Plaintiff and Foss includes an implied warranty of workmanlike service.

15.    Defendants failed to prepare for the tow of the OSCAR ELTON SETTE and failed to tow the OSCAR ELTON SETTE in a workmanlike manner in that Defendants failed to exercise the same care and diligence as would be exercised by ordinarily prudent and skillful business entities under the same circumstances as were presented to Defendants at the relevant times, including but not limited to pulling the tow line against the OSCAR ELTON SETTE's bow.

16.    As a direct, foreseeable and proximate result of Defendants' breach of its warranty of workmanlike performance, Plaintiff has been damaged in a sum in excess of $266,200.00, no part of which has been paid despite demand therefor.

Wherefore, Plaintiff prays for judgment against Defendant Foss as set forth below.

## THIRD CAUSE OF ACTION

### (Breach of Contract against Defendant Foss)

17.    Plaintiff realleges and incorporates herein with like force and effect as though set forth fully here each and every allegation of paragraphs 1 through 8 as set forth above.

1    18.    Defendant Foss agreed to safely tow and handle the OSCAR ELTON SETTE

2    from berth to dry dock at Plaintiff's facility.

3    19.    Defendant Foss materially and substantially breached the agreement by causing

4    damage to the OSCAR ELTON SETTE and failing to return the OSCAR ELTON SETTE in

5    good condition, but instead returned the OSCAR ELTON SETTE substantially damaged in her

6    hull and structure.

7    20.    As a direct, foreseeable and proximate result of Defendant Foss's material breach

8    of the agreement, Plaintiff has been damaged in a sum in excess of $266,200.00, no part of which

9    has been paid despite demand therefor.

10    WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and against the

11    Defendants; that this Court decree payment by the Defendants to Plaintiff in an amount not less

12    than $266,200.00, together with prejudgment interest thereon, and costs of suit herein; that a

13    warrant *in rem* for the arrest of the PACIFIC STAR, her engines, tackle, machinery, equipment,

14    etc., may issue and that all persons claiming an interest therein may be cited to appear and answer

15    for matters stated in this complaint; that judgment may be entered in favor of the plaintiff for the

16    amount of its claim, with interest and costs and that the PACIFIC STAR be condemned and sold

17    to pay the same; and that Plaintiff have such other and further relief as in law and equity it may

18    be entitled to receive.

19

20    Dated: July 13, 2017                    Respectfully submitted,

21                                            GIBSON ROBB & LINDH LLP

22

23                                            /s/ C. JOSEPH OU
                                             C Joseph Ou
24                                            Attorneys for Plaintiff
                                             MARE ISLAND DRY DOCK, LLC
25

26

27

28

1

<u>**VERIFICATION**</u>

2    I, _Harry Nicholas_, being first duly sworn on oath, hereby state as follows:

3    1.    I am the _CFO_ of Mare Island Dry Dock, LLC, the

4    plaintiff in this action.

5    2.    I have read the foregoing Complaint and the allegations contained therein are true

6    and correct to the best of my knowledge, information and belief.

7    Executed on July 12, 2017, in Vallejo, California.

8

9

10    MARE ISLAND DRY DOCK, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28